IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FALICE OWENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-1031-BJ |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Costco Wholesale Corporation ("Costco")'s Motion for Summary Judgment [doc. 40], filed May 15, 2024. Having carefully considered the briefing and applicable law, Defendant's Motion for Summary Judgment [doc. 40] is **GRANTED** for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Falice Owens ("Owens") filed this suit against Costco alleging one cause of action for premises liability. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 2–4). Owens' claim arises out of an incident that occurred on or about October 25, 2020, at Costco's store located at 2601 E. State Highway 114, Southlake, Texas 76092. (Pl.'s Am. Comp. at 2). Owens alleges that she was injured "when she slipped on a wet substance near the entrance of the store, near the cart return." (*Id.*). As a result, Owens is seeking to recover $300,000 "for medical expenses, lost wages, pain and suffering, and physical injuries." (*Id.* at 2, 4).

1

## II.     LEGAL STANDARD

### A. Summary Judgment

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law to ascertain what factual issues are material." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (cleaned up). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Although the Court is required to consider only the cited materials, it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). Nevertheless, "Rule 56 does not impose on the district court a duty to sift through

2

the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citations omitted).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex*, 477 U.S. at 325). "The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists." *Id*.

### B.  Texas Premises Liability

Federal courts apply Texas substantive law to diversity cases, such as this. *See Austin v. Kroger Tex.*, L.P., 746 F.3d 191, 195 (5th Cir. 2014) (*per curiam*). To recover based upon a premises liability theory, a plaintiff must prove that: (1) the defendant had actual or constructive knowledge of the alleged condition on the premises; (2) the condition posed an unreasonable risk of harm to the plaintiff; (3) the defendant did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the defendant's failure to use such reasonable care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

A defendant may put forward defenses to a claim for premises liability. As relevant here, two of those defenses are that the condition was: (1) a naturally occurring condition; and (2) open and obvious to the plaintiff. The determination of both a naturally occurring condition and an open

and obvious condition are matters of law to be determined by the Court. *See, e.g., Scott & White Mem. Hosp. v. Fair*, 301 S.W.3d 411, 419 (Tex. 2010).

Texas courts have consistently held as a matter of law that naturally occurring or accumulating conditions such as rain, mud, and ice do not create an unreasonable risk of harm because these are naturally occurring conditions that accumulate because of inclement weather conditions and are out of the landowner's control. *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 352 (Tex. 2013); *Tex. Dep't of Transp. v. Martinez,* No. 04-04-00867-CV, 2006 WL 1406571 at *8 (Tex. App.—San Antonio May 24, 2006) (finding that the presence of rainwater on a road is a naturally occurring condition that does not create an unreasonable risk of harm). A naturally accumulating condition is one that builds due to weather conditions or other forces of nature, without the assistance or involvement of non-natural events or contacts. *Compare Scott & White Mem'l Hosp. v. Fair,* 310 S.W.3d 411, 412–15 (Tex. 2010) (property owner not liable for injury caused by ice, because it is a naturally accumulating condition), *with Furr's, Inc. v. Logan,* 893 S.W.2d 187, 191–92 (Tex. App.—El Paso 1995, no writ) (ice accumulation caused by a leaking vending machine was not naturally occurring and could thus support a premises liability claim). Further, the Texas Supreme Court has noted that "invitees are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury." *Fair,* 310 S.W.3d at 414 (alteration in original) (internal quotation marks omitted).

Additionally, a defendant may plead and prove the defense of the alleged condition being open and obvious. When a condition posing a risk of harm is open and obvious or otherwise known to the invitee, the landowner is not in a better position to discover it. When invitees are aware of such a premises condition, it no longer poses an unreasonable risk of harm as the law

then presumes invitees will take reasonable measures to protect themselves against known risks. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201 (Tex. 2015).  Texas courts have repeatedly observed that a landowner is not an insurer of an invitee's safety and generally has no duty to warn of hazards that are open and obvious or known to the invitee, as they do not pose an unreasonable risk of harm. *Id.* at 204.

### III.   ANALYSIS

In its Motion for Summary Judgment, Costco argues that it is entitled to summary judgment because the undisputed facts of this case establish that there was no unreasonable risk of harm to Owens because rain is a naturally occurring condition. (Defendant's Brief in Support of Their Motion for Summary Judgment ("Def.'s Br.") at 8–11).  Additionally, and in the alternative, Costco argues that it is entitled to summary judgment because it had no duty to warn Owens of the rain because it was an open and obvious condition. (Def.'s Br. at 11–14).  In her two page response, Owens argues that the Court should deny Costco's motion because: (1) "whether a condition creates an unreasonable risk of harm is a question of fact for the jury;" and (2) the rain water was not open and obvious because there was only one entrance to the building. (Plaintiff's Brief in support of her Response ("Pl.'s Br.") at 1–2).  The Court will address each in turn.

The Court finds that Costco is entitled to summary judgment as a matter of law because there was no unreasonable risk of harm to Owens as rain is a naturally occurring condition.  Owens' argument, "whether a condition creates an unreasonable risk of harm is a question of fact for the jury," plainly fails.  Texas courts "have consistently held [] that naturally occurring or accumulating conditions such as rain, mud, and ice do not create conditions posing an unreasonable risk of harm." *See Walker v. UME, Inc.*, No. 03-15-00271-CV, 2016 WL 3136878, at *3 (Tex. App.—Austin June 3, 2016) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675-

5

76 (Tex. 2004)); *see also Fair*, 310 S.W.3d at 412–14.  In this case, competent summary judgment evidence establishes that: (1) it had been raining throughout the day;[1] (2) it was raining at the time of the incident;[2] (3) Owens knew it was raining and that it had been raining throughout the day;[3] (4) the incident occurred outside, not inside, of the store;[4] (5) the area where the incident occurred was open to the elements on at least one side;[5] and (6) the concrete on which Owens slipped was wet from the rain.[6]  Furthermore, Owens has presented no evidence or argument that the water had accumulated as a result of something other than the weather.  (*See* Def.'s App. at 33–35 (Owens testifying that the area was slippery because it was wet from the rain)).

The facts of this case are virtually identical to those of *Rooney v. Costco Wholesale Corp.*, No. 4:19-CV-04536, 2021 WL 5155677 (S.D. Tex. June 4, 2021).  In *Rooney*, it had been raining throughout the day and was still raining, the plaintiff slipped in rainwater that had accumulated on a concrete walkway that was open to the elements on one side, the incident occurred outside of the store, and the plaintiff presented no evidence that the water was a result of something other than the weather.  *Rooney*, 2021 WL 5155677 at *5–8.  Furthermore, this case is distinguishable from cases like *Wal-Mart Stores, Inc. v. Sparkman*, where the plaintiff slipped in water that had accumulated inside of the store.  *See* No. 02-13-00355-CV, 2014 WL 6997166, at *3 (Tex. App.—Ft. Worth Dec. 11, 2014).  Consequently, this Court reaches the same conclusion that its sister

---

[1] (Defendant's Appendix in Support of its Motion for Summary Judgment ("Def.'s App.") at 33–34 (Owens' deposition testimony)).

[2] (*Id.* at 33–34 (Owens' deposition testimony); 24 (security video of the incident)).

[3] (*Id.* at 33–34 (Owens' deposition testimony)).

[4] (*Id.* at 24 (security video of the incident); 8–21 (still shots of the security video)); (*see also* Pl.'s Am. Compl. at 2).

[5] (*Id.* at 2 (photo of the area); 33–35 (Owens' deposition testimony); 24 (security video of the incident); 8–21 (still shots of the security video)).

[6] (*Id.*).

Court did in *Rooney*; that, as a matter of law, there was no unreasonable risk of harm to Owens because the water in which she slipped was a naturally occurring condition.

Moreover, even if the water in question could be considered an unreasonably dangerous condition, Defendant had no duty to warn of the condition because the undisputed photographic evidence shows the water on the concrete walkway was open and obvious. *See Austin,* 465 S.W.3d at 198 (holding a business generally has no duty to warn or protect invitees from conditions open and obvious or known to the invitee). Owens argues that the Court should not find that the rain water was open and obvious because there was only one entrance to the building and, thus, Costco should have anticipated that she would be unable to take measures to avoid falling. (Pl.'s Br. at 2). Additionally, Owens argues that the Court cannot assume that she knew that rain soaked surfaces are slippery just because she was aware that it was raining and had been raining throughout the day. (*Id.*) ("Plaintiff's knowledge that rain had fallen does not equate to her knowledge of the danger.").

The competent summary judgment evidence establishes that: (1) there is a clear difference between the wet and dry portions of the concrete;[7] (2) Owens was aware that it was raining and had been raining;[8] and (3) Costco was in no better position to discover the allegedly unreasonable condition—naturally accumulated water—than Owens. While Owens claims that there was only one entrance to the building, she provides no evidence to support that assertion. Furthermore, the Court is unconvinced by Owens' argument that she was unaware that wet concrete is slippery such that she could not have taken any measures to avoid the fall. Therefore, even if the rain was considered to be an unreasonably dangerous condition, the Court finds that it was open and obvious

---

[7] (Def.'s App. at 2 (photo of the area)).

[8] (*Id.* at 33–34 (Owens' deposition testimony)).

such that Costco had no duty to warn Owens.  Accordingly, Defendant's Motion for Summary Judgment [doc. 40] is **GRANTED**.

## IV.   CONCLUSION

For the reasons set out above, it is **ORDERED** that Defendant's Motion for Summary Judgment [doc. 40] is **GRANTED**.

SIGNED June 10, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE